Strafford,
No. 5609.

MICHAEL E. SWEENEY

*v.*

DOVER.

Argued May 2, 1967.
Decided October 31, 1967.

*William E. Galanes* ( by brief and orally ), for the plaintiff.

*Anthony A. McManus* ( by brief and orally ), for the defendant.

DUNCAN, J. The property in question is a 27.5-acre tract in Dover, zoned "R-1" or "Low Density Residence" restricted to single family dwellings, purchased by the plaintiff on April 19, 1965 for $6,700. In 1952 his predecessor in title had a plot plan prepared and recorded for 75 single residence house lots on this land. No lots had been sold nor any construction undertaken and when purchased by the plaintiff the tract was open land with no structures of any kind. Plaintiff knew about the early plan and he intended to develop the land for single dwelling units when he bought it; but he made no investigation of the feasibility of developing the tract before he purchased it.

Plaintiff thereafter was advised that the high unit costs in developing the tract, coupled with high water level and ledge in certain areas rendered it unsuitable for single dwellings to be constructed thereon. He then turned his attention to other possible uses and decided that the best and most profitable development of this land would be in the field of two-story multiple dwellings with "executive apartments." They would be one, two, and three-bedroom apartments renting from $125 to $155 per month.

As a result plaintiff applied to the zoning board of adjustment for a variance to construct, in the first phase, six such two-story multiple dwellings each containing nine apartments with nine garages to provide undercover parking. The proposed development plans provided for a second phase of six more multiple dwellings and a probable third phase of an equal amount making a total of 162 apartments in 18 two-story multiple dwelling units.

After a hearing on his petition on June 16, 1965, the board of adjustment unanimously ( 5 to 0 ) granted a variance. However on a rehearing held July 20, 1965, with three new members on the board, the prior decision was reversed 3 to 2 and the variance denied. On plaintiff's appeal to the Superior Court the board's denial of the variance was set aside as being unjust and unreasonable. RSA 31:78, 83.

In finding and ruling that the decision of the board of adjustment was unjust and unreasonable, the master made preliminary findings and rulings indicating that he considered that the statutory requirements for the granting of a variance were satisfied by the evidence before him. See RSA 31:72 III; *Gelinas* v. *Portsmouth*, 97 N. H. 248, 250. However his ruling that the decision of the board was unjust and unreasonable was a ruling that upon the evidence as a whole, and "by the balance of probabilities" the decision of the board could not reasonably be made upon the evidence. RSA 31:78. In arriving at this conclusion the master was entitled to take into consideration any additional evidence introduced before him, even though it was not before the board. RSA 31:82, 85. *Conery* v. *Nashua*, 103 N. H. 16, 21; *HIK Corporation* v. *Manchester*, 103 N. H. 378, 381.

The purpose of the statutory provisions for the receipt of such additional evidence is not to afford the appealing party a trial *de novo*, which is no longer available ( *Gelinas* v. *Portsmouth, supra* ), but rather "to assist the court in evaluating the ·action of the [board] where the record was incomplete . . . even though . . . the evidence itself was not presented at the hearing before the [board] . . . ." *Village Builders, Inc.* v. *Town Plan & Zoning Comm.*, 145 Conn. 218, 221; 2 Rathkopf, The Law of Zoning and Planning, ch. 65, *s.* 7, *pp.* 65 - 32.

In the absence of a record of the testimony before the board, we must depend upon the record before the master to determine the validity of his conclusions as well as the validity of the action taken by the board.

To establish that enforcement of the ordinance would result in unnecessary hardship to him "owing to special conditions" ( RSA 31:72 III, *supra* ), the plaintiff relied upon testimony that the construction of single residences upon the tract would be economically unfeasible, in part because of physical characteristics of the land. In particular, these characteristics were said to consist as the master found, "that the Henry Law . . . side of the property had stone ledges that ran near the surface [and that there] were certain areas which were wet at the surface." But as the master further found, "there was no evidence upon which [ a finding] could be made as to the extent to which ledge near the surface and a high water level affects the entire tract."

The evidence of these conditions came from the testimony of an engineer who had testified before both the board and the master.

The conclusions of other witnesses that the construction of single residences upon the tract would be economically unfeasible was based in part upon this engineer's report concerning the conditions mentioned. Yet the engineer testified that he had made only a "preliminary investigation" of the character of the land, "nothing with respect to determining ledge except visual," and that the "land is reasonably rolling, level, and with normal drainage would . . . on the surface appear to be conducive to easy development without having to bring in large amounts of fill."

Other testimony indicated that factors contributing to make development for single-residence use unfeasible resulted from city requirements applicable to all developments and not peculiar to this land, as to lot size, paving of roads, and the installation of sewer, water and curbings, all of which became increments of development costs.

A majority of the court is of the opinion that the board could reasonably find upon all the evidence that the plaintiff failed to meet the requirements for the granting of a variance, and in particular to show the existence of special conditions with respect to this tract of 27.5 acres which would make enforcement of the restrictions of the ordinance an unnecessary hardship. *Bouley* v. *Nashua*, 106 N. H. 79, 84; RSA 31:72 III. In our opinion the master could not reasonably rule as a matter of law that the evidence compelled a contrary finding by the board, and we conclude that the statutory presumption in favor of the board's findings was not overcome. See *Board* v. *Farr*, 242 Md. 315, 321-322; *Public Service Co.* v. *State*, 102 N. H. 66, 70. Accordingly, the decree of the Superior Court entered in accordance with the master's recommendations is set aside. The order is

*Appeal dismissed.*