Belknap
No. 78-094

## NORMAN S. COOK & a.

### v.

## TOWN OF SANBORNTON

October 4, 1978

*Stanley, Tardif & Shapiro*, of Concord (*R. Peter Shapiro* orally), for the plaintiff.

*Wescott, Millham & Dyer*, of Laconia (*Peter V. Millham* orally), for the defendant.

PER CURIAM. This case concerns the proper judicial interpretation of RSA 31:78, the statute that sets forth the standard of superior court review in appeals from zoning board decisions.

In 1971 the State of New Hampshire offered to purchase a three-fifth-acre tract from the plaintiffs, Norman and Barbara Cook. When the Cooks rejected the offer the State took by eminent domain certain buildings and one-quarter acre. The plaintiffs retained one-third acre of vacant land. The parties were unable to agree on the damages for the partial taking and they submitted the case to the New Hampshire Commission of Eminent Domain. The record suggests that the amount awarded, $48,500, was less than the Cooks requested but included severance damage. However, they did not appeal. Instead the plaintiffs applied to the board of selectmen for a permit to build a residence on the remaining one-third acre. The selectmen denied the request because the applicable zoning ordinance precluded construction on less than one-half acre. The Cooks subsequently applied to the zoning board of adjustment for an area variance asserting an involuntarily created hardship. After a hearing the board denied the request on the ground that variance would not be "in the spirit or intent of the Zoning Ordinance." Rehearing was denied and the Cooks appealed to superior court under RSA 31:77. Though there was evidence that the lot in question will remain virtually useless without a variance, and that denial imposes a hardship on the plaintiffs, the Master (*Leonard C. Hardwick*, Esq.) found that the Cooks failed to meet the statutory burden of proving that the decision of the zoning board was unjust, unreasonable, or unlawful. RSA 31:78. *Batchelder*, J., approved the master's recommendation that the petition be dismissed and reserved and transferred the plaintiffs' exceptions.

RSA 31:78 provides that decisions reached by zoning boards "shall not be set aside or vacated, except for errors of law, *unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable.*" (Emphasis added.) In the past we have interpreted this language to impose an excessively heavy burden on parties aggrieved by zoning board decisions. In *Sweeney v. Dover*, 108 N.H. 307, 310, 234 A.2d 521, 523 (1967), this court stated that unless the superior court can rule "as

a matter of law that the evidence compelled a contrary finding by the board. . . ." the statutory presumption in favor of the board's finding is not overcome. *Vannah v. Town of Bedford*, 111 N.H. 105, 276 A.2d 253 (1971), relied on *Sweeney* and held, "[o]nly if the decision of the Board could not be reached . . . by reasonable men [is] it subject to modification or vacation by the trial court." *Id.* at 112, 276 A.2d at 258.

The narrow standard of superior court review expressed in *Sweeney* and *Vannah* led to harsh results in later cases. In *Simoneau v. City of Nashua*, 112 N.H. 18, 287 A.2d 620 (1972), in which the trial judge's decision rested on a finding of hardship, we relied on *Sweeney* and *Vannah* and set aside a superior court order vacating a zoning board's denial of a variance. We reached a similar result in *Beaudoin v. Rye Beach Village Dist.*, 116 N.H. 768, 369 A.2d 618 (1976). There the trial judge viewed the property, had the benefit of the transcript of the zoning board hearing at a two-day trial, and ruled that "by a balance of the probabilities, on the evidence before it, the order of the zoning board denying plaintiff's petition was 'unjust or unreasonable'. . . ." *Id.* at 770, 369 A.2d at 620. This court, however, held that "[a] finding by the trial court that the order of the zoning board is unreasonable or unjust is dependent upon a preliminary ruling 'as a matter of law that the evidence compelled a contrary finding by the board'. . . ." *Id.* at 771, 369 A.2d at 621. We now believe that the standard of superior court review in zoning appeals as articulated in *Sweeney* and *Vannah* and applied in *Simoneau* and *Beaudoin* is tantamount to no review at all and that it is contrary to the language of RSA 31:78.

■ The statute does not impose an absolute requirement that the board's decision be erroneous as a matter of law before a trial judge can change it; the court need only inquire whether there is such error when it is not "persuaded by the balance of the probabilities, on the evidence before it, that said order or decision is unjust or unreasonable." RSA 31:78.

■ The statute provides that the findings of the board must be deemed prima facie reasonable. The trial judge however has the power to overturn the board's determination when he is persuaded by a balance of probabilities, on the evidence before the court, that the order or decision is unjust or unreasonable. The burden is on the appellant to convince the court that the order is either unjust or unreasonable. *See Beaudoin v. Rye Beach Village Dist.*, 116 N.H. at 773–74, 369 A.2d at 622–23 (Grimes, J., dissenting).

Moreover the words "or unjust" have not been given due weight in past interpretations of RSA 31:78. When possible, it is the duty of this court to interpret a statute so that all the words have meaning. 2A C. Sands, Sutherland Statutory Construction § 46.06 (4th ed. 1973). In our opinion the inclusion of "unjust" in the statute is indicative of a legislative understanding that a zoning board decision may be reasonable yet unjust. We therefore interpret RSA 31:78 to identify "injustice" as a separate ground on which a trial judge may vacate or modify a zoning board decision.

Of course, this does not mean that the superior court sits as a "super zoning board." *See Steel Hill Development Inc. v. Town of Sanbornton*, 469 F.2d 956 (1st Cir. 1972). Under RSA 31:82 the trial court does not sit de novo but may consider additional evidence.

Insofar as any of our prior zoning cases are inconsistent with the interpretation of RSA 31:78 herein expressed, they are overruled. In this case because the master found that the eminent domain commission award included damages for severance value, then even under our new test for zoning appeals, the plaintiffs do not meet the hardship standards.

*Exceptions overruled.*

GRIMES, J., did not sit.