Grafton
No. 79-258

CHIPLIN ENTERPRISES, INC.

v.

CITY OF LEBANON

February 14, 1980

*William A. Baker*, of Lebanon, by brief and orally, for the plaintiff.

*Decato & Cirone*, of Lebanon (*R. Peter Decato* orally), for the defendant.

BOIS, J.  The plaintiff appeals from an order of the City of Lebanon Planning Board denying his request for development of an apartment unit complex. The Trial Court (*Johnson*, J.) affirmed the board's denial and reserved and transferred the plaintiff's exceptions. We overrule the court's decree and remand.

The plaintiff is a New Hampshire corporation engaged in the development of residential properties. On October 12, 1976, the plaintiff came before the Lebanon Planning Board with a request for site plan review for a proposed twenty-four unit apartment complex. At the conclusion of the review, the board granted preliminary approval for the proposed site plan pending the outcome of a public hearing. On November 8, 1976, a public hearing was held by the planning board. There was much discussion at the hearing concerning traffic circulation and other problems, and final action on the plaintiff's request was temporarily tabled. On December 13, 1976, the

planning board heard additional evidence and denied the plaintiff's request, primarily for safety reasons.

The plaintiff introduced a "new" proposal for site plan approval on January 31, 1977, which was defeated by a vote of the board on February 22, 1977, following a second public hearing. The plaintiff filed a petition for certiorari with the superior court on March 24, 1977, seeking relief from the board's decision. After several preliminary objections, the parties entered into an agreed statement of facts, which was presented to the court with memoranda of law. On April 19, 1979, the court affirmed the board's denial of the plaintiff's site plan review application. The plaintiff appeals from that decision.

The first issue is whether § 504 of the Lebanon Zoning Ordinance is valid. The plaintiff argues that the ordinance is invalid because, by including residential property, it is more expansive than was the enabling legislation then in effect. The defendant counters that it would be inconsistent with the clear thrust of RSA 31:60–89 and RSA ch. 36 to hold that the legislature did not impliedly sanction site plan review of large residential developments having a substantial impact on neighborhoods within which such developments are situated.

RSA 36:19-a (1965) provides as follows:

> *Further Power of Planning Boards* (emphasis original). A municipality, having adopted a zoning ordinance as provided in RSA 31:60–89, and where the planning board has adopted subdivision regulations as provided in sections 19–24 hereof, may further empower the planning board to review, and approve or disapprove site plans for the development of tracts *for non-residential* uses whether or not such development includes a subdivision or re-subdivision of the site (emphasis added).

RSA 36:19-a was amended by N.H. Laws 1979, 455:3 to grant planning boards explicit authority to review site plans for "multi-family dwelling units." This change is not pertinent to the question before us, however, since the ordinance at issue was adopted prior to that 1979 amendment. *See* N.H. Laws 1979, 455:4.

The Lebanon Zoning Ordinance § 504 provides in pertinent part as follows:

> Site Plans for the development of tracts of land *for any permitted use*, whether or not such development includes a subdivision or re-subdivision of the site as defined in the Zoning Ordinance and the Subdivision Regulations of the City of Lebanon, shall be submitted to the Planning Board

for approval prior to the issuance of a building permit by the City Manager if such development creates or could create a Substantial Impact on the neighborhood within which such development is situated or have such in [sic] impact on the City as a whole (emphasis added).

■■ It is well established that the State has the power to pass enabling legislation authorizing municipalities to regulate the development of subdivisions. *Town of Tuftonboro v. Lakeside Colony, Inc.*, 119 N.H. 445, 448, 403 A.2d 410, 412 (1979). Municipalities that exercise this delegated power, however, can only do so in a manner consistent with the enabling legislation. *Id.* While municipalities may have implied powers incidental to an express grant, they are bound by the plain meaning of the language used. *See id.; Arnold v. City of Manchester*, 119 N.H. 859, 409 A.2d 1322 (1979); *Lavallee v. Britt*, 118 N.H. 131, 133, 383 A.2d 709, 711 (1978).

■ RSA 36:19-a (1965) limits a town's review of site plans for the development of tracts to "non-residential uses." The Lebanon Zoning Ordinance § 504 broadens this power of review to include the development of tracts for "any permitted use." We do not find that the power of a town to require site plan review for "any permitted use" is either expressly granted or impliedly sanctioned by the enabling legislation then in effect, RSA 36:19-a (1965), or by RSA 31:60–89 and RSA ch. 36. *See generally* N.H. Office of Comprehensive Planning, Growth Management (1977). Accordingly, we hold that the Lebanon Zoning Ordinance § 504 was invalid in this case and must be set aside to the extent that its provisions authorized review of other than "non-residential" uses.

In view of our holding, we do not address the other issues raised.

*Reversed and remanded.*

All concurred.