Hillsborough
No. 79-239

ROBERT SHAW

v.

CITY OF MANCHESTER

September 3, 1980

530

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Eugene M. Van Loan, III*, orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*William. S. Orcutt* orally), for the defendant.

DOUGLAS, J. The issues in this case are whether the trial court applied the appropriate standard of review on an appeal from the Manchester Zoning Board of Adjustment, and whether it properly overruled the decision of that board. We answer both questions in the affirmative.

On October 15, 1975, V.S.H. Realty, Inc., was denied a building permit to construct a grocery store/gasoline station in a residential (R-2) zone in the City of Manchester. V.S.H. appealed to the Manchester Zoning Board of Adjustment for a variance and special exception, and at a hearing held on November 3, 1975, the board unanimously denied the application. On November 21, 1975, V.S.H. moved for rehearing. The rehearing took place on January 5, 1976, and, by a three-to-two margin, the board reversed its earlier decision and granted V.S.H. a special exception that permitted the construction of a convenience store with two gasoline pumps. On January 12, 1976, the plaintiff, Robert Shaw, filed a motion with the zoning board for a new rehearing. On January 20, 1976, the board denied the motion. The plaintiff appealed to the

Superior Court of Hillsborough County on February 10, 1976. V.S.H. moved to dismiss the appeal on the ground that it was untimely because it had not been filed within thirty days of the original rehearing. The superior court conducted a hearing on the issue and denied V.S.H.'s motion. V.S.H. excepted and appealed to this court. On March 24, 1978, we upheld the decision of the superior court and remanded the case for a trial on the merits. *Shaw v. City of Manchester*, 118 N.H. 158, 384 A.2d 491 (1978).

During the trial on the merits, the Trial Court (*Wyman*, J.) heard expert testimony concerning the traffic effects of the proposed use. The board of adjustment had not heard this evidence at the time it granted the variance and special exception to V.S.H. Although the result would have been immaterial, the trial court forwarded a transcript of this testimony to the members of the zoning board who had taken part in the decision to grant the variance. The four living members, two of whom were in favor and two of whom were opposed, stated that their vote would not have differed even if the expert testimony had been available to them at the time of their decision. On July 31, 1979, the superior court issued a decree setting aside the variance and special exception on the grounds that the board's decision was "unreasonable." The defendant appealed the decision pursuant to Supreme Court Rule 7.

The defendant argues that the standard of judicial review set forth in *Cook v. Sanbornton*, 118 N.H. 668, 392 A.2d 1201 (1978), should not be applied retroactively to this case. We disagree.

We decided *Cook* in October 1978. The trial on the merits in this case took place four months after *Cook*. Although litigation in this case began before the *Cook* decision was rendered, that does not preclude its retroactive application. In *Cook*, this court examined the standard of review to be used by a trial court on an appeal from a zoning board decision, as set forth in RSA 31:78. In that decision, we conceded that the standard of review required by the statute, as interpreted in such cases as *Vannah v. Town of Bedford*, 111 N.H. 105, 276 A.2d 253 (1971) and *Sweeney v. Dover*, 108 N.H. 307, 234 A.2d 521 (1967), was tantamount to no review whatsoever. The *Cook* decision was expressly made retroactive in the recent case of *Carey v. Westmoreland*, 120 N.H. 374, 415 A.2d 333 (1980).

The defendant next contends that the trial court erred in that it improperly based its decision on evidence introduced for the first time at the trial court level. We cannot agree.

■■ The defendant correctly asserts that a de novo review of zoning board decisions is not permitted at the superior court level. The city argues that the receipt by the superior court of substantial new evidence concerning the issue of traffic is tantamount to a de novo review and constitutes error. This conclusion is contrary to established law. This court has consistently held that upon review the trial court may hear any and all additional evidence presented that will assist in evaluating the reasonableness of a zoning board decision. *See, e.g., Win-Tasch Corporation v. Town of Merrimack*, 120 N.H. 6, 411 A.2d 144 (1980); *Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 376 A.2d 885 (1977). The effect of the proposed use on traffic was at the very heart of the court's determination whether the zoning board acted reasonably. Therefore, the court's examination of evidence relevant to possible traffic problems was not error.

■ The defendant also argues that the trial court erred in overruling the zoning board of adjustment on the basis of testimony that the board considered and found unpersuasive. We again must disagree. The standard of review set forth in *Cook* states that a trial court may find error when it is persuaded by the balance of the probabilities that the decision is unreasonable. The trial court had before it expert testimony detailing the traffic problems that would accompany the granting of the variance. The testimony convinced the trial court that "the traffic flow would be materially aggravated . . . with unavoidable dangers to the public substantially increased" resulting in a "harm to the public interest." These findings clearly support the trial court's decision to set aside the variance as unreasonable, regardless of whether the *Cook* standard of review is applied or the more stringent pre-*Cook* standard.

■ The test on appeal to this court is not whether we would have found as the trial court did, but whether there was evidence on which the finding could reasonably have been based. *Win-Tasch Corporation v. Town of Merrimack*, 120 N.H. 6, 411 A.2d 144 (1980). The evidence was sufficient in this case.

*Exceptions overruled.*

All concurred.