Hillsborough
No. 80-023

VIVIAN W. BARRY

v.

TOWN OF AMHERST

May 7, 1981

*Brown & Nixon P.A.*, of Manchester (*David W. Hess* on the brief and orally), for the plaintiff.

*William R. Drescher P.A.*, of Milford (*William R. Drescher* on the brief and orally), for the defendant.

PER CURIAM. The issues in this zoning case are whether the trial court applied the wrong standard in reviewing the decision of the Amherst Zoning Board of Adjustment denying the plaintiff's application for a variance and whether a zoning board's failure to hold a hearing on an application for a variance within thirty days after the application was filed requires that the variance be granted. We answer the first question in the affirmative and the second question in the negative, and remand for further proceedings.

The subject of this litigation is a three-acre tract of land owned by the plaintiff and located on the north side of Route 101 in Amherst. This property is adjacent to another tract owned by the plaintiff upon which she operates a restaurant as a preexisting nonconforming use. Both tracts are situated in a residential district. The three-acre tract has a frontage of 523 feet. There are no access restrictions with respect to sixty feet of the frontage, but the remaining frontage is on the controlled access part of Route 101. On the opposite side of Route 101 is a recently constructed shopping center.

On February 1, 1979, the plaintiff applied for a variance to construct a shopping mall on the property in question. The zoning board of adjustment, after a hearing and a view, denied the appli-

cation. After the plaintiff's motion for rehearing was denied, she appealed to the superior court. A Master (*Mayland H. Morse, Esq.*) conducted a hearing and took a view of the property. In a report dated November 6, 1979, he ruled that, under RSA 31:78, the superior court could not overturn the decision of the board of adjustment "unless the court first finds as a matter of law that the evidence compelled a contrary finding by the Board." The master found that the plaintiff had failed to sustain her burden of proof and recommended that her appeal be dismissed. On December 13, 1979, the Superior Court (*Flynn*, J.) entered a decree in accordance with that recommendation, and the plaintiff appealed.

The plaintiff's first argument relates to the standard of review used by the master. In ruling that, under RSA 31:78, the zoning board's decision could not be set aside unless "as a matter of law the evidence compelled a contrary finding by the Board," the master applied the test set forth in *Beaudoin v. Rye Beach Village Dist.*, 116 N.H. 768, 771, 369 A.2d 618, 621 (1976) and *Sweeney v. Dover*, 108 N.H. 307, 310, 234 A.2d 521, 523 (1967). The plaintiff contends that this interpretation of RSA 31:78 is contrary to that enunciated in *Cook v. Town of Sanbornton*, 118 N.H. 668, 392 A.2d 1201 (1978), and that the master therefore evaluated the zoning board's decision under the wrong standard. We agree with the plaintiff.

In *Cook*, this court stated that the "standard of superior court review in zoning appeals as articulated in *Sweeney* . . . and applied in . . . *Beaudoin* is tantamount to no review at all and that it is contrary to the language of RSA 31:78." 118 N.H. at 670, 392 A.2d at 1202. We therefore adopted the reasoning of the dissent in *Beaudoin* and held that the standard of review was precisely that stated in the statute; namely, that the decision of the zoning board was only prima facie reasonable and that the trial judge may "overturn the board's determination when he is persuaded by a balance of probabilities, on the evidence before the court, that the order or decision is unjust or unreasonable." *Id.* We also held that "unjustness" and "unreasonableness" were separate grounds for overturning a zoning board's decision. *Id.* at 671, 392 A.2d at 1203. In conclusion, the court stated that "[i]nsofar as any of our prior zoning cases are inconsistent with the interpretation of RSA 31:78 herein expressed, they are overruled." *Id.* The cases thereby overruled include *Sweeney, Beaudoin, Vannah v. Town of Bedford*, 111 N.H. 105, 276 A.2d 253 (1971), and any other cases in which the court applied a standard of review narrower than or otherwise contrary to that expressed in *Cook.*

■ After our decision in *Cook*, the legislature amended RSA 31:78 by striking out the word "unjust," thereby eliminating "injustice" as a separate ground for reversing a zoning board's decision. Laws 1979, 121:2. The case before us, however, is governed by the statute before amendment. Consequently, both the "unjust" and "unreasonable" grounds are available to this plaintiff. Moreover, the amendment in no way changed the standard of review laid down in *Cook* insofar as it concerns the power of the superior court to set aside "unreasonable" zoning board decisions. In fact, to attempt to do so would raise serious questions involving the constitutional duty of the courts to protect private property rights from unreasonable restrictions. *See L. Grossman & Sons, Inc. v. Town of Gilford*, 118 N.H. 480, 483, 387 A.2d 1178, 1180 (1978); *Land/Vest Props., Inc. v. Town of Plainfield*, 117 N.H. 817, 821, 379 A.2d 200, 205 (1977); *Metzger v. Town of Brentwood*, 117 N.H. 497, 502–03, 374 A.2d 954, 957–58 (1977).

■ We therefore hold that the master applied the wrong test under RSA 31:78 and remand this case to the superior court in order for it to review the zoning board's decision in accordance with *Cook*. We of course express no view on the merits of the plaintiff's claim but hold only that it must be evaluated under the correct test.

The plaintiff also argues that she is entitled to have her variance granted as a matter of law because the Amherst Zoning Board of Adjustment violated the time requirement of RSA 31:71 II (Supp. 1979) by failing to hold a hearing on her application for a variance within thirty days after the application was filed. She relies upon the rationale of RSA 36:23 (Supp. 1979) which provides that any plat submitted to a planning board for consideration and not acted on within the statutory period "shall be deemed to have been approved." No such provision is contained in RSA 31:71 (Supp. 1979), but the plaintiff argues that the purpose of the time requirement in RSA 31:71 II (Supp. 1979) is the same as that in RSA 36:23 (Supp. 1979) and that the remedy should therefore be the same.

We first note that RSA 36:23 (Supp. 1979) relates to the time limit within which a municipal body must *act* on a matter before it. This was likewise true of the issue involved in *Dearborn v. Town of Milford*, 120 N.H. 82, 85–86, 411 A.2d 1132, 1134 (1980). RSA 31:71 II (Supp. 1979), however, deals not with the time period within which a *decision* must be made but rather with the time period within which a *hearing* must be held.

■ The legislature has not seen fit to provide that a zoning board's failure to comply with RSA 31:71 II (Supp. 1979) will constitute approval of an application for a variance submitted to it. The express language of RSA 36:23 (Supp. 1979) demonstrates that the legislature knew how to provide for automatic approval when that was its intention. The absence of such a provision in RSA 31:71 II (Supp. 1979) is a strong indication that the legislature did not intend the same result, and we will not judicially supply this omission in the absence of a legislative intent to do so. This omission, of course, means that zoning boards may lack adequate incentive to comply with the time requirement contained in RSA 31:71 II (Supp. 1979), but this is a legislative and not a judicial problem.

*Reversed and remanded.*