Rockingham
No. 81-019
No. 81-024

GORDON JOHNSTON & a.

v.

TOWN OF EXETER & a.

October 30, 1981

*Brown & Randlett,* of Exeter (*G. Page Brown, Jr.,* on the brief and orally), for the plaintiffs.

*Shute, Engel & Morse P.A.,* of Exeter (*David C. Engel* on the brief and orally), for the Town of Exeter.

*Casassa, Mulherrin & Ryan,* of Hampton (*H. Alfred Casassa* and *Peter J. Saari* on the brief, and *Mr. Saari* orally), for the defendant-intervenor, Linden Fields Company.

KING, C.J. The issues presented in this case are the following: (1) whether the Trial Court (*Wyman,* J.) erred in denying the right of the plaintiffs, abutters of the proposed construction, to have the trial judge order the production of a certified record of the board of adjustment's proceeding and in refusing to grant the plaintiffs a separate hearing on issues raised in their petition; (2) whether a determination that one portion of Exeter Zoning Ordinance § 6.85 was invalid necessitated a finding that the remaining portions of § 6.85 were also invalid; and (3) whether the three-structure, fifteen-

unit development proposed by the defendant-intervenor, Linden Fields Company, constituted a "single-family open space development" or a "multi-family open space development" as defined by the Exeter Zoning Ordinance § 6.85.

In early 1980, the Town of Exeter and Linden Fields Company (Linden Fields), a private developer, proposed construction of a three-structure, fifteen-unit low income housing project on approximately 8.5 acres of land, owned by Linden Fields, in the town of Exeter. The area for which the project was proposed was zoned as a single-family structure region (R-2) under Exeter Zoning Ordinance § 3.10, but consisted of both single-family and multiple-family dwellings. The housing project was approved by the United States Department of Housing and Urban Development (HUD), which agreed to finance the construction. Linden Fields was awarded the contract to build the project, and agreed to transfer title to the Town of Exeter upon completion of the construction.

Previously, Linden Fields had attempted to use the 8.5-acre site for construction of condominiums. The proposed number of units, however, exceeded the permissible limit, and neither the Exeter Planning Board nor the board of adjustment would grant a variance.

The HUD low-income housing project required approval from two town agencies, the planning board and the board of adjustment. First, Linden Fields submitted a request to the Exeter Planning Board seeking permission to subdivide the 8.5-acre lot into one lot of 5.86 acres to be used for the housing project, and another lot to remain vacant for the present. This request was granted by the planning board; and, although the plaintiffs sought rehearing on the subdivision issue in the trial court, they have not appealed the trial court's decision to this court.

After granting Linden Fields' subdivision request, the planning board began to review the proposed site plan for the project. On October 10, 1980, the Town of Exeter, on advice from its counsel, determined that the planning board did not have the authority to review single-family residential site plans. Consequently, Linden Fields applied for its building permits without waiting for the board's approval.

When the plaintiffs learned that Linden Fields had applied for building permits without the planning board's approval, they petitioned the Rockingham County Superior Court for a declaratory judgment that the project was not a single-family open space development as defined in Exeter Zoning Ordinance § 6.85(c)(2). The plaintiffs also requested the court to declare Zoning Ordinance § 6.85 either valid or invalid in its entirety. Finally, the plaintiffs

sought an injunction prohibiting the town from issuing building permits to Linden Fields. The trial court denied the plaintiffs' requests, and the plaintiffs appealed the denial to this court.

Linden Fields also filed an application with the Exeter Board of Adjustment for a special exemption under Exeter Zoning Ordinance § 6.88(c)(1) requesting simultaneous issuance of permits to construct fifteen units. Ordinarily, the zoning ordinance permits the issuance of only three building permits a month and twelve a year to one entity. Exeter Zoning Ordinance § 6.88(a)(9). Low-income housing, however, can receive an exemption from the limitation. Exeter Zoning Ordinance § 6.88(c)(1).

On August 5, 1980, having decided that Linden Fields had presented insufficient information to justify an exemption, the board of adjustment denied the request. A rehearing was held on September 1, 1980, but no vote was taken at that time because several board members disqualified themselves, claiming that they had been pressured to vote for approval. Another rehearing was held on September 23, 1980, with alternate members replacing those who had disqualified themselves. At this hearing, the board reversed its original denial and voted to grant Linden Fields' requested special exemption.

On October 8, 1980, the plaintiffs sought a rehearing, but this request was denied. The plaintiffs appealed to the Rockingham County Superior Court requesting the court to order the defendant to file a certified record of the board of adjustment's proceedings with the superior court and that, after a hearing, the court temporarily enjoin the defendant from issuing building permits to Linden Fields. On October 31, 1980, the trial court denied both of the plaintiffs' requests, stating that the plaintiffs would not suffer irreparable harm in the absence of a temporary injunction and that there was insufficient evidence of the board's impropriety to justify the production of records or a separate hearing on the issues. The plaintiffs appealed the trial court's decision to this court. The two appeals of the plaintiffs have been consolidated.

■ Even though it is clear that RSA 31:80 was not complied with, we cannot agree with the plaintiffs that the trial court committed reversible error in not requiring the board of adjustment to certify a copy of its record to the court. Although RSA 31:80 should be strictly complied with in the future, there was sufficient evidence presented at trial in this case from which the court could reasonably and fully decide the issues before it. *See Shaw v. City of Manchester*, 120 N.H. 529, 532, 419 A.2d 394, 396 (1980); *cf. Price v. Planning Board*, 120 N.H. 481, 486, 417 A.2d 997, 1001 (1980).

■■ The trial court determined that the plaintiffs had not proved with sufficiency that the board of adjustment acted unreasonably or unlawfully. *See* RSA 31:77 (Supp. 1979); *cf. Cook v. Town of Sanbornton*, 118 N.H. 668, 669–70, 392 A.2d 1201, 1202 (1978). We agree. There is a presumption that the board acted properly. *Pappas v. City of Manchester*, 117 N.H. 622, 624–25, 376 A.2d 885, 886 (1977). We find nothing in the record to indicate that the board acted unreasonably or unlawfully by granting an exemption to Linden Fields which waived the customary waiting period and enabled Linden Fields to acquire fifteen building permits simultaneously. Therefore, the trial court correctly concluded that the board's decision must stand. *See Shaw v. City of Manchester*, 120 N.H. at 532, 419 A.2d at 396.

The plaintiffs contend that the trial court erred in ruling a portion of Exeter Zoning Ordinance § 6.85 invalid but upholding the remaining portions of that section. We disagree.

■■ RSA 36:19-a (Supp. 1979) empowers a municipality to grant authority to its planning board to review multi-family residential site plans. Prior to the enactment of that statute, the town of Exeter enacted Zoning Ordinance § 6.85, which delegated responsibility to the planning board for site plan review of multifamily residential structures. *See* Exeter Zoning Ordinance § 6.85(b); Exeter Land Subdivision Regulations § 3.20. The trial court properly concluded that the town's delegation of authority to the planning board was invalid because the town had no power to so delegate until the enactment of the enabling statute, RSA 36:19-a (Supp. 1979). *Chiplin Enterprises, Inc. v. City of Lebanon*, 120 N.H. 124, 126, 411 A.2d 1130, 1131 (1980); *see Town of Tuftonboro v. Lakeside Colony, Inc.*, 119 N.H. 445, 448, 403 A.2d 410, 411–12 (1979). Although the town of Exeter now has the authority, pursuant to RSA 36:19-a (Supp. 1979), to grant responsibility to the planning board for site plan review of multi-family dwellings, § 6.85 of the zoning ordinance is invalid because it was invalid when enacted. *Chiplin Enterprises, Inc. v. City of Lebanon*, 120 N.H. at 125–26, 411 A.2d at 1131.

■ Having found one portion of § 6.85 of the zoning ordinance invalid, the trial court was not obligated similarly to invalidate the entire section. The zoning ordinance itself provides a separability clause. Exeter Zoning Ordinance § 10.10. Additionally, this court held in *Chiplin* that an invalid section of an ordinance "must be set aside *to the extent* that its provisions authorized review of other than 'non-residential' uses." (Emphasis added.) *Chiplin Enterprises, Inc. v. City of Lebanon*, 120 N.H. at 126, 411 A.2d at 1131.

*See also Belkner v. Preston,* 115 N.H. 15, 20, 332 A.2d 168, 172 (1975).

The final issue raised by the plaintiffs is whether the project proposed by Linden Fields constitutes a "single family" or "multi-family" dwelling as defined by Exeter Zoning Ordinance § 6.85. Although the plain meaning of words will usually be used to interpret zoning ordinances, *see Region 10 Client Mgt., Inc. v. Town of Hampstead,* 120 N.H 885, 887, 424 A.2d 207, 209 (1980), in this case, the zoning ordinance itself defines what constitutes single-family open space development. Exeter Zoning Ordinance § 6.85(c)(2); *cf. Region 10 Client Mgt., Inc. v. Town of Hampstead,* 120 N.H. at 887, 424 A.2d at 209.

The ordinance states that single-family development "permits the planned grouping of single-family homes and up to five (5) attached dwelling units." Exeter Zoning Ordinance § 6.85(c)(2). Multi-family dwellings are defined as structures "consisting of a minimum six (6) units to a maximum twelve (12) units per structure." *Id.* § 6.85(d)(3). Additionally, because the five-acre requirement for single-family development far exceeds the acreage requirement for the construction of a one-unit structure, *see* Exeter Zoning Ordinance §§ 6.85(c)(1), 4.30, to interpret "single-family" open space development as a one-unit structure would be inconsistent with the other sections of the zoning ordinance.

We conclude, therefore, that Linden Fields' project clearly falls within the definition of single-family development in Exeter Zoning Ordinance § 6.85(c)(2). *See Durham v. White Enterprises, Inc.,* 115 N.H. 645, 650, 348 A.2d 706, 709–10 (1975). *See also Region 10 Client Mgt., Inc. v. Town of Hampstead,* 120 N.H. at 887, 424 A.2d at 209. Finally, approval of the project is consistent with the purpose of Exeter Zoning Ordinance § 6.85(a) to encourage "flexibility in . . . development of land . . . ." *See Price v. Planning Board,* 120 N.H. at 487, 417 A.2d at 1001.

*Affirmed.*

All concurred.