Rockingham
No. 87-005

## J. Paul Narbonne and E. Jane Narbonne

### v.

### Town of Rye & a.

November 5, 1987

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.*, of Portsmouth (*William G. Scott* and *Patrick F. Gleason* on the brief, and *Mr. Scott* orally), for the plaintiffs.

*Nadeau Professional Offices*, of Rye (*J. P. Nadeau, Jr.*, on the brief and orally), for the defendant Town of Rye.

*Wholey and Pelech Law Offices*, of Portsmouth (*Bernard W. Pelech* on the brief and orally), for the intervenors, Frederick H. and Maude W. Gove.

BROCK, C.J. The plaintiffs' appeal in this action arises out of a cease and desist order issued by the defendant Town of Rye, prohibiting them from operating a stained glass business in their home. The Rye Zoning Board of Adjustment denied plaintiffs' appeal, and the Superior Court (*Gray*, J.), upon the recommendation of the Master (*Mayland H. Morse, Jr.*, Esq.), dismissed the appeal and reinstated the cease and desist order. The plaintiffs argue on appeal that the master erred in finding (1) that the stained glass business is not a customary home occupation, and (2) that it is not an accessory use of their home. We find no error, and therefore affirm.

The plaintiffs' home is in a district zoned for general residences. They operate their business, known as the "Glassworks," from their home, manufacturing stained glass objects to order. "Glassworks" is advertised in the Yellow Pages and on signs located on Route 1A in Rye and on the plaintiffs' front lawn. All advertising complies with applicable codes. In response to a complaint from an abutter, the Town of Rye issued a cease and desist order on October 24, 1984, stating that the creation of stained glass objects was not a home occupation and was in violation of Section IV.C of the Rye Zoning Ordinance. Section IV sets forth permitted uses in a single residence district. Sub-section C provides as follows:

"Customary home occupation, such as millinery, hairdressing, manicuring, laundering, preserving and home cooking, or the office of a doctor, dentist, musician, teacher, architect, or member of some recognized profession provided that such occupation shall be carried on by a person only within the dwelling used by him or her as his or her private residence, and provided that no more than one other person is employed, and provided that such occupation shall not occupy more than one-third of the area of such residence. . . ."

The plaintiffs' appeal of the cease and desist order to the zoning board of adjustment was denied following a hearing. After numerous procedural steps, which are not at issue in this appeal, the plaintiffs, pursuant to RSA 677:4, appealed to the superior court. At the superior court hearing, the plaintiffs failed to present any additional evidence. Rather, they offered the record of the previous hearings and a memorandum of law. Requests for findings of fact and rulings of law were submitted by all parties. The master recommended that the appeal be dismissed and that the cease and desist order, which had been suspended pending the appeal, be reinstated. The court approved the recommendation and the plaintiffs brought the present appeal.

 A party appealing an order of a local board of adjustment to the superior court has the burden of showing that the order is unlawful or unreasonable, pursuant to RSA 677:6. Findings of fact made by zoning boards are deemed prima facie lawful and reasonable, and the court shall not set aside an order appealed from unless persuaded by the balance of probabilities, on the evidence before it, that the order is unreasonable. RSA 677:6. We, in turn, will not set aside the decision of the trial court if there is evidence

upon which the decision could reasonably be based. *Biggs v. Town of Sandwich,* 124 N.H. 421, 426, 470 A.2d 928, 931 (1984).

The plaintiffs contend that the stained glass business is permissible under the Rye Zoning Ordinance as an accessory use of their property or, alternatively, that the use falls within the category of a customary home occupation as illustrated by the examples in the ordinance. The master found that it was neither, due both to its commercial character and to its detrimental effect on the residential neighborhood.

 Whether characterized as an accessory use or a customary home occupation, there are two common requirements that the use of a residence must meet. First, the use must be subordinate to the principal use, and second, it must be related to the principal use. *Town of Salem v. Durrett,* 125 N.H. 29, 33, 480 A.2d 9, 11 (1984); RYE, N.H., ZONING ORDINANCES, Section II—Definitions. Although the parties have offered numerous arguments concerning the question whether the stained glass operation is one that is customarily related to the residence, we find it unnecessary to address this issue because the plaintiffs' business activity exceeds the level of activity that might reasonably be considered to result from a subordinate use of the premises.

 The plaintiffs suggest that the activity being evaluated consists solely of the creation of stained glass objects, describing it as a glassworks studio or a basement hobby. While so limited an activity might be in compliance with the subordinate use requirement, the evidence presented portrays a substantial commercial enterprise. The plaintiffs advertise the "Glassworks" in the Yellow Pages, and use signs on a major highway and in front of their home. The general public is invited into their home to purchase manufactured goods and supplies, or to participate in stained glass classes. The master concluded correctly that the Glassworks enterprise has become the principal rather than a subordinate (or accessory) use of the home. *See Perron v. Concord,* 102 N.H. 32, 35–36, 150 A.2d 403, 406 (1959).

 The plaintiffs next contend that they are artists and that their studio, "Glassworks," is permissible under the ordinance as the office of a recognized profession. Again, they seem to discount and overlook the other facets of the business which distinguish it from that of a studio: the public advertising, the manufacture and sale of stained glass windows and supplies, and the offering of classes. The combination of these activities makes up a commercial enterprise which, if intended to be allowed in the residential

district, should be specifically provided for in the ordinance. *See Hancock v. City of Concord*, 111 N.H. 413, 414, 285 A.2d 791, 792 (1971); *People v. Daly*, 28 N.Y.S.2d 603, 604–05 (1941).

Any accessory use of a residence, which by definition includes a customary home occupation, may not be injurious or detrimental to the neighborhood. RYE, N.H., ZONING ORDINANCES, Section II—Definitions. There was evidence presented before the zoning board of increased traffic, parking problems, large truck deliveries, signs, and advertising, all relating to the operation of the plaintiffs' business. The master upheld the zoning board's finding of detrimental effect, stating that "[f]rom the overall evidence before it, the board could have properly concluded that the commercial or business use of their property . . . had a deteriorating [effect] on other residential properties in the vicinity." We agree. On appeal to the superior court, the plaintiffs offered no additional evidence to rebut the zoning board's finding, and they thereby failed to meet their burden of demonstrating unreasonableness.

Finding no error in the master's rulings and findings, we affirm.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.