Belknap
No. 96-655

JAMES J. GRAY & a.

v.

GERALD S. SEIDEL, JR. & a.

JAMES J. GRAY & a.

v.

TOWN OF MEREDITH ZONING BOARD OF ADJUSTMENT

February 8, 1999

*Law Offices of Kevin F. Sullivan, P.A.*, of Meredith (*Kevin F. Sullivan* on the brief and orally), for the plaintiffs.

*Gerald S. Seidel, Jr.* and *Margaret L. Seidel*, by brief, and *Mr. Seidel* orally, *pro se*.

*McLaughlin, Hemeon & Lahey, P.A.*, of Laconia (*Janice L. McLaughlin* on the brief and orally), for defendant Town of Meredith Zoning Board of Adjustment.

THAYER, J. The plaintiffs, James and Barbara Gray, appeal a decision of the Superior Court (*Barry*, J.) affirming the Town of Meredith Zoning Board of Adjustment's (board) denial of their request for a variance, and denying their petition for declaratory judgment for lack of subject matter jurisdiction. We reverse and remand.

In 1985, the plaintiffs purchased property in Meredith, including an easement over the property of defendants Gerald and Margaret Seidel for access to Lake Winnepesaukee and dock use. The easement is a ten-foot strip of land along the southwesterly boundary of the Seidels' property. In 1987, the Town of Meredith

(town) adopted a zoning ordinance requiring a ten-foot setback for docks from any side property line. When the plaintiffs applied for a building permit to install a dock in 1994, the town code enforcement officer denied the application for failure to meet the ten-foot setback requirement. The plaintiffs appealed to the board and requested a variance. The board denied their request, and the plaintiffs appealed to the trial court which affirmed the board's decision.

The plaintiffs also sought a declaratory judgment that the easement gave the plaintiffs, as dominant tenants, the right to a dock which the Seidels, as servient tenants, must accommodate. The trial court ruled that the authority to determine that issue "is vested in other state and local authorities" and denied the plaintiffs' request for declaratory judgment.

On appeal, the plaintiffs argue that the wrong legal standard was used to deny their request for a variance, and that the trial court improperly declined to exercise jurisdiction.

## I. Variance Request

The board denied the variance request because the plaintiffs failed to show that "[g]ranting the variance would be of benefit to the public interest." The trial court affirmed.

The trial court shall set aside the board's decision only "for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that [the] decision was unreasonable." RSA 677:6 (1996). "[W]e will uphold the trial court's decision unless it is not supported by the evidence or is erroneous as a matter of law." *Olszak v. Town of New Hampton*, 139 N.H. 723, 724, 661 A.2d 768, 770 (1995). The trial court affirmed the board's decision requiring the plaintiffs to show that "granting the variance would be of benefit to the public interest." The plaintiffs argue that this standard placed a higher burden on them than is required by statute. We agree.

■ Pursuant to RSA 674:33, I(b) (1996), the board has the power to

[a]uthorize . . . [a] variance from the terms of the zoning ordinance as *will not be contrary to the public interest*, if, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

(Emphasis added.) When determining the meaning of a statute, we first look to its language. *N.E. Brickmaster v. Town of Salem*, 133

N.H. 655, 658, 582 A.2d 601, 602 (1990). RSA 674:33, I(b) plainly states that a variance should be granted when it "will not be contrary to the public interest." Therefore, imposing a higher burden was an error of law.

Despite the statute's clear and unambiguous language, the board required the plaintiffs to show that "granting the variance would benefit the public interest." We used similar language in *Fortuna v. Zoning Board of Manchester*, noting that the board of adjustment found granting the variance "was not contrary to the public interest and was, in fact, beneficial to the public interest in that the present traffic congestion . . . will be reduced." *Fortuna v. Zoning Board of Manchester*, 95 N.H. 211, 212-13, 60 A.2d 133, 135 (1948). This observation, however, merely noted that because the plaintiff met a burden higher than statutorily required, the board properly granted the variance. *See also, e.g., Labrecque v. Town of Salem*, 128 N.H. 455, 458, 514 A.2d 829, 830 (1986) (variance grant upheld when applicant showed it would be in the public interest). In cases where a variance has been denied, our decisions have consistently rested on an applicant's failure to meet the statutory burden. *See, e.g., Shaw v. City of Manchester*, 120 N.H. 529, 532, 419 A.2d 394, 395 (1980) (trial court's decision to set aside variance proper in order to avoid "harm to the public interest"). Hence, our decision today clarifies that our prior decisions interpreting RSA 674:33, I(b) should not be read to imply an applicant must meet any burden higher than required by statute.

The town argues that even though the board applied an erroneous standard, the plaintiffs still failed to offer any evidence to meet the statutory burden. The record, however, shows the plaintiffs presented some evidence that granting the variance would not be contrary to the public interest. Therefore, we remand to the superior court with instructions to remand to the board to determine, applying the correct standard, whether a variance should be granted.

## II. Declaratory Judgment Action

In the declaratory judgment action, the plaintiffs asked the court to find that maintaining a dock is a reasonable use of their easement, and to order the Seidels to modify their dock as necessary to allow the plaintiffs to obtain a dock permit from local and State authorities. The court found the plaintiffs had a valid easement for access to the lake. The court ruled, however, that it lacked jurisdiction to determine whether maintaining a dock is a reasonable use of the plaintiffs' property rights as granted in the easement because the

authority to regulate docks is vested in other State and local authorities.

■ The superior court has jurisdiction over civil actions for which other special provision has not been made. *See* RSA 491:7 (1997); *see also Dumont v. Town of Wolfeboro*, 137 N.H. 1, 5, 622 A.2d 1238, 1240-41 (1993). Further, the legislature has specifically provided for petitions to be brought in superior court to resolve disputes between persons claiming an interest in real property. *See* RSA 498:5-a (1997); *Radkay v. Confalone*, 133 N.H. 294, 297, 575 A.2d 355, 357 (1990). In declining to exercise jurisdiction, the court cited the statutory authority empowering the State Wetlands Board and city councils to regulate docks. *See* RSA 482-A:3, I (1992) (amended 1996, 1997); RSA 47:17, VII (1991). RSA 482-A:3, I, in pertinent part provides: "No person shall . . . construct any structures in or . . . adjacent to any waters of the state without a permit from the wetlands board." This grant of authority to the wetlands board to regulate, however, does not include the power to determine the relative rights of property owners. RSA 47:17, VII grants authority to city councils to enact bylaws and ordinances "[t]o regulate all streets and public ways, wharves, [and] docks." This statute, like RSA 482-A:3, I, does not provide towns with the authority to determine the relative rights of property owners. Because no other provision has been made by statute, *see* RSA 491:7, and the superior court has jurisdiction to resolve disputes between persons claiming an interest in real property, the court erred when it declined to exercise jurisdiction. Therefore, we remand to the superior court to determine whether the plaintiffs' proposed dock is a reasonable use of their property rights under the easement.

We have reviewed the record and find that the remaining issue raised before us is, "under the circumstances of this case, without merit, and do[es] not warrant further discussion." *Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Reversed and remanded.*

All concurred.