Hillsborough-southern judicial district
No. 98-079

ELAINE M. SUNDBERG & a.

v.

GREENVILLE BOARD OF ADJUSTMENT & a.

THEO A. DE WINTER

v.

TOWN OF GREENVILLE

November 30, 1999

*Douglas, Robinson, Leonard & Garvey, P.C.*, of Concord (*C. Kevin Leonard* on the brief and orally), for Theo A. de Winter.

*Matthew W. Glavey*, of New Ipswich, by brief and orally, for the Sundbergs.

*Carol A. Rolf*, of Amherst, by brief and orally, for the Town of Greenville.

JOHNSON, J. Theo A. de Winter appeals the order of the Superior Court (*Hampsey*, J.) reversing the decision of the Greenville Zoning Board of Adjustment (ZBA) that a welding supply business operated by Elaine M. Sundberg, Douglas J. Sundberg, Jr., and Kristin G. Sundberg (the Sundbergs) no longer qualified as a customary home occupation and finding that de Winter's appeal from the ZBA's grant of a variance to the Sundbergs is moot. We reverse in part, vacate in part, and remand.

The trial court found the following facts. In April 1990, Douglas Sundberg, Sr., now deceased, began operating a welding supply

business from a mobile home he owned on a half-acre tract of land in Greenville. De Winter owns land abutting the Sundbergs' property. The property on which the business is located is part of a "rural/agricultural" zoning district. *See* ZONING REGULATIONS AND ORDINANCES FOR GREENVILLE, NEW HAMPSHIRE § 2.2 (1990). The business, however, was operated as a "customary home occupation," a permitted use in a rural/agricultural zoning district. *See id.*

In July 1994, the selectmen of the Town of Greenville (town) sent a letter to Elaine Sundberg notifying her that the business no longer qualified as a customary home occupation and ordering its removal. The Sundbergs' appeal to the ZBA (home occupation appeal) was denied in March 1995, and, after their motion for rehearing likewise was denied, *see* RSA 677:2 (1986) (amended 1995), the Sundbergs appealed to the superior court. *See* RSA 677:4 (1986) (amended 1995, 1996). Shortly after the ZBA denied their home occupation appeal, the Sundbergs applied to the ZBA for a variance to allow them to continue to run the welding supply business from the mobile home. The ZBA granted the variance, subject to certain conditions not relevant to this appeal. De Winter's subsequent motion for rehearing before the ZBA was denied, *see* RSA 677:2, and he appealed that decision to the superior court (variance appeal). *See* RSA 677:4. After a remand to the ZBA for further fact finding in both the home occupation and variance appeals, the superior court reversed the ZBA's decision that the Sundbergs' welding supply business no longer qualified as a customary home occupation and dismissed the variance appeal as moot. This appeal followed.

De Winter contends that the superior court erred in: (1) reversing the ZBA's determination that the Sundbergs' business did not qualify as a customary home occupation; (2) refusing to accept further evidence from de Winter or hold an evidentiary hearing before rendering its decision; and (3) finding that the variance appeal was moot.

*I. Customary Home Occupation*

We first address de Winter's contention that the trial court erred in reversing the ZBA's determination that the Sundbergs' business no longer qualified as a customary home occupation. The town's zoning ordinance provides that a customary home occupation is a permissible use in rural/agricultural zones if, *inter alia*, the business is "located within the same structure as the residence of the proprietor," and "employ[s] no more than [two] persons." ZONING

REGULATIONS AND ORDINANCES FOR GREENVILLE, NEW HAMPSHIRE § 2.2(l).

The ZBA initially held that the Sundbergs' business did not comply with the ordinance because: (1) the mobile home was no longer the residence of the proprietor; and/or (2) the business had more than two employees. After a remand for further fact finding, however, the ZBA found that Kristin Sundberg was both a resident of the mobile home and a proprietor of the business. The ZBA, however, confirmed that it found that the business employed three persons, namely, Kristin Sundberg, Douglas J. Sundberg, Jr., and an "[u]nnamed driver." The superior court reversed the ZBA with respect to the employee criterion of the zoning ordinance, finding that "the ZBA's determination with respect to this issue is directly *contradicted* by the record" because "Doug Sundberg unambiguously informed the ZBA that Krist[i]n Sundberg was employed *elsewhere* as a stewardess and that the business *employed* a driver and himself." The court also reversed the ZBA's initial determination that the mobile home was no longer the residence of the proprietor based in part on the ZBA's fact finding on remand.

The trial court's review of a decision of the ZBA is governed by RSA 677:6 (1996). *See Ray's Stateline Market v. Town of Pelham,* 140 N.H. 139, 142-43, 665 A.2d 1068, 1070-71 (1995). The appealing party has the burden of demonstrating to the trial court that the ZBA's order was unlawful or unreasonable. *Narbonne v. Town of Rye,* 130 N.H. 70, 72, 534 A.2d 388, 389 (1987). Although RSA 677:6 provides that the board's findings of fact are deemed to be prima facie lawful and reasonable, the court's deference to the ZBA is not complete.

> The statute does not impose an absolute requirement that the board's decision be erroneous as a matter of law before a trial judge can change it; the court need only inquire whether there is such error when it is not persuaded by the balance of the probabilities, on the evidence before it, that said order or decision is unjust or unreasonable.

*Cook v. Town of Sanbornton,* 118 N.H. 668, 670, 392 A.2d 1201, 1202 (1978) (quotation omitted) (decided under prior law); *see* RSA 677:6. We, in turn, will not disturb the trial court's determination if there is evidence upon which the court's decision reasonably could be based, *see Narbonne,* 130 N.H. at 72, 534 A.2d at 389, and it was not erroneous as a matter of law. *See Ray's Stateline Market,* 140 N.H. at 143, 665 A.2d at 1071.

Our review of the record leads us to conclude that the trial court could not have reasonably found that the record "contradicts" a finding that Kristin Sundberg was an employee of the family welding supply business. Although the minutes of the ZBA hearing reflect that when a ZBA member asked where Kristin was employed, she replied that "she was a stewardess, and was employed elsewhere," there was ample support in the record for the ZBA's finding that Kristin was also an employee of the family business. Specifically, there was undisputed evidence on the record that Douglas J. Sundberg, Jr. was responsible for managing the business, while Kristin had an office in the mobile home and did all the paperwork. When a board member asked how many employees were currently at the business, Douglas J. Sundberg, Jr. replied: "Kristin lived on the property, but received no salary, Mr. Sundberg was of course an employee, and there was a driver employed by the firm." Although this evidence does not conclusively support de Winter's assertion that Douglas J. Sundberg, Jr. admitted that Kristin was an "employee," the evidence before the ZBA certainly does not "contradict" the ZBA's finding.

■ The Sundbergs contend, *inter alia*, that because Kristin does not receive a salary for her services, she is not "employed" by the business. "Construction of the terms of a zoning ordinance is a question of law upon which this court is not bound by the interpretations of the zoning board." *Brennan v. Winnipesaukee Flagship Corp.*, 122 N.H. 524, 526, 446 A.2d 1175, 1177 (1982). The ordinary rules of statutory construction govern our analysis, and thus all undefined words and phrases will be given their common meaning, and we will look to the legislative history of a regulation only if a term is ambiguous. *See Healey v. Town of New Durham*, 140 N.H. 232, 236, 665 A.2d 360, 365 (1995).

The term "employ" is not defined in the town's zoning ordinance. The ordinance directs, however, that "[e]xcept where specifically defined herein, all words in this Zoning Ordinance shall carry their customary meanings." ZONING REGULATIONS AND ORDINANCES FOR GREENVILLE, NEW HAMPSHIRE § 1.4. The plain meaning of the word "employ" is "to use or engage services of . . . also: to provide with a job that pays wages or a salary or with a means of earning a living." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 743 (unabridged ed. 1961).

■ Because the term "employ," as it is used in the zoning ordinance, does not require that one receive a salary, we hold accordingly that the trial court erred in determining that the ZBA

acted unreasonably in concluding that because Kristin provided services to the business, she was an employee.

Because we conclude that the trial court erred in reversing the ZBA on the basis that the record "contradicted" its finding that Kristin was an "employee," we need not address de Winter's other claims of error with respect to the court's remaining rulings in the customary home occupation appeal.

## II. Variance Appeal

 The trial court concluded that because the Sundbergs' business qualified as a customary home occupation, de Winter's appeal of the ZBA's grant of the variance was moot. Given our determination that the trial court erred in reversing the ZBA, we vacate the court's order with respect to the variance appeal and remand for further proceedings.

*Reversed in part; vacated in part; and remanded.*

All concurred.