Rockingham
No. 85-408

DENNIS LABRECQUE

v.

TOWN OF SALEM & a.

August 12, 1986

*Prunier, Mazerolle, Frasca & Leonard P.A.*, of Nashua (*Gerald R. Prunier* on the brief), by brief for the plaintiff.

*Troisi Professional Association*, of Salem (*James J. Troisi* on the brief), by brief for MacLean Family Partnership.

*Soule, Leslie, Zelin, Sayward & Loughman*, of Salem (*Barbara F. Loughman* on the brief), by brief for the Town of Salem.

JOHNSON, J.   The plaintiff challenges a grant by the Salem Zoning Board of Adjustment of a variance to the MacLean Family Partnership (hereinafter "MacLean") for various commercial uses. The Trial Court (*Pappagianis*, J.) dismissed the plaintiff's appeal after a trial on the merits. Finding no error, we affirm.

MacLean owns lots 7 and 8 on Tax Map 15 of the Salem Assessor's Map, both of which were zoned as residential. MacLean's two lots are abutted on one side by property zoned commercial, and on the other side by property zoned residential. The plaintiff is the owner of lot 9, on the residential side of MacLean's property.

Lot 7 had been used for residential purposes until a fire destroyed the dwelling house that was, and had for many years been, located on that lot. No dwelling house was rebuilt within one year of the fire and, after one year, the new Salem zoning ordinance therefore applied. Under the new ordinance, the lot was no longer usable for

residential purposes because, *inter alia*, it lacked sufficient frontage. A dwelling was standing upon lot 8 when it was purchased by MacLean, and the property was left vacant for one year. In September 1984, the Town of Salem issued a letter to MacLean stating that after one year, non-use of the building as a residential dwelling required conformance with the zoning ordinance, and that the lot did not conform to present zoning ordinance restrictions.

MacLean requested a variance to allow commercial use of lots 7 and 8 in order to construct a retail and office center. The request was initially denied by the Salem Zoning Board of Adjustment (the board), but eventually was granted after a public hearing pursuant to MacLean's motion for rehearing. At the hearing, MacLean presented evidence that it would suffer unnecessary hardship if it were not granted the variance because each lot lacked the necessary frontage, square footage, and capacity to support a septic system that would meet State residential use requirements. The plaintiff filed a petition for rehearing, which the board denied. The plaintiff appealed to the superior court, naming the town as defendant, and MacLean was permitted to intervene as a party defendant. The trial court dismissed the plaintiff's case, and this appeal followed.

■ A zoning board's decision is subject to limited judicial review. The party appealing from a board's findings of fact must satisfy the burden of proof established by RSA 677:6 (Supp. 1983):

"In an appeal to the court, the burden of proof shall be upon the party seeking to set aside any order or decision of the zoning board of adjustment or any decision of the local legislative body to show that the order or decision is unlawful or unreasonable. All findings of the zoning board of adjustment or the local legislative body upon all questions of fact properly before the court shall be prima facie lawful and reasonable. The order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unreasonable."

■■ The plaintiff asserts that the criteria established for the granting of a variance have not been met. We have held that in order to secure a variance, an applicant must show:

"'(1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seek-

ing it; (4) granting the permit would do substantial justice; (5) the use must not be contrary to the spirit of the ordinance.'"

*Governor's Island Club v. Town of Gilford*, 124 N.H. 126, 129, 467 A.2d 246, 247 (1983) (quoting *Ryan v. City of Manchester Zoning Board*, 123 N.H. 170, 173, 459 A.2d 244, 245 (1983)). The board heard testimony concerning all five requirements. The trial court found that MacLean's proposed development would cost in the vicinity of $1,000,000, and evidence before the board established that the project would have a positive effect on the surrounding neighborhood property values. Sufficient evidence supported the court's finding that the value of the surrounding properties would suffer no diminution.

■ The record also sustains the board's conclusion that an apparent demand existed for the proposed professional-retail development, that the development would increase the tax base of the town and tax revenues, and that the selectmen unanimously supported the proposal in a letter of August 22, 1984, stating that the proposed development "is consistent with the community goal of establishing an identifiable Town center in the depot area." Thus, sufficient evidence established that the variance would be in the public interest.

■■ The plaintiff contends that the town improperly granted the variance because any unnecessary hardship suffered by MacLean was self-inflicted. The concept of unnecessary hardship is a narrow one, and such hardship exists only when an ordinance effectively prevents the owner "from making any reasonable use of the land." *Town of Gilford*, 124 N.H. at 130, 467 A.2d at 248. We have stated that "[i]t is not uniqueness of the plight of the owner, but uniqueness of the land causing the plight that is the criterion for unnecessary hardship." *Carbonneau v. Town of Exeter*, 119 N.H. 259, 263, 401 A.2d 675, 677 (1979).

■ The record indicates that a town building official testified that even if MacLean had attempted to reconstruct the house on lot 7 within one year after the fire, it would have been required to comply with State requirements concerning a septic system. Another witness testified that lot 7 was unable to support such a system. Ample evidence thus supported the trial court's finding that the unnecessary hardship regarding lot 7 was not self-inflicted, but was the result of the uniqueness of the land. The trial court also found that lot 8 did not conform to the town of Salem's zoning ordinance in that "(a) it has only 50 feet of frontage where the ordinance

requires 150 feet; (b) there is insufficient area; and (c) said lot cannot support an individual septic system under present Town and State regulations." The record further indicates that the Salem town engineer had stated that the septic system on lot 8 was incapable of sustaining an acceptable on-site septic system. Hence, lot 8 was also unacceptable for residential use.

Both residential lots owned by MacLean were found unusable for residential housing, and thus enforcement of the zoning ordinance constituted an unnecessary hardship for MacLean. Evidence indicated that even if the lots had been combined for residential use, the combined square footage would have been insufficient to meet septic system requirements for residential use because of soil factors. The land thus was not suitable for the permitted use, and the board's finding of hardship was justified. *Town of Gilford*, 124 N.H. at 130, 467 A.2d at 248.

The finding that to grant the variance would do substantial justice was also supported by the record. The neighborhood is clearly undergoing change. The trial court found that the surrounding area was utilized for predominantly commercial use, and that the proposed development was consistent with the area's present use. This conclusion was buttressed by the trial court's finding that to deny the project would be "unreasonable and would result in a hardship because said lots are not reasonably suitable for residential purposes."

The fifth requirement, that the proposed use not be contrary to the spirit of the ordinance, was established by the testimony of the chairman of the board, who stated that the variance would give the town greater control over the property as a whole. Moreover, testimony established that the proposed development was less intensive than that presently legally allowable on lots 4, 5, and 6, which are zoned commercial.

We hold that the board's decision was neither unlawful nor unreasonable, and that the evidence in the record reasonably supports the trial court's findings. *See Durant v. Town of Dunbarton*, 121 N.H. 352, 357, 430 A.2d 140, 144 (1981). We therefore affirm the trial court's dismissal of the plaintiff's appeal.

*Affirmed.*

All concurred.