Grafton
No. 89-073

PETER CHRISTIAN'S, INC.

v.

TOWN OF HANOVER

February 7, 1990

*Clauson, Smith & Whelan,* of Hanover (*K. William Clauson* on the brief and orally), for the plaintiff.

*Law Office of Laurence F. Gardner,* of Lebanon (*David R. Fall* on the brief, and *Laurence F. Gardner* orally), for the defendant.

BROCK, C.J.   The plaintiff appeals from a Superior Court (*Smith, J.*) ruling affirming the Hanover Zoning Board of Adjustment's denial of the plaintiff's application for a special exception. The plaintiff claims that the trial court erred as a matter of law: (1) in confirming certain findings of the board of adjustment; (2) in refusing to permit the plaintiff to introduce the testimony of two witnesses; and (3) in relying upon representations of defendant's counsel as evidence. For the reasons that follow, we affirm.

In 1981, the plaintiff (Peter Christian's) proposed to expand its business during the warmer months by accommodating twenty additional seats on an outdoor deck adjacent to its existing restaurant on Main Street in Hanover. The Hanover Zoning Ordinance requires that eating and drinking establishments provide one off-street parking space for every five seats, Section 404.1, and that such off-street parking facilities be provided on the same lot or premises with the building or land they serve, Section 406. Peter Christian's was unable to satisfy the zoning requirement for on-site parking necessitated by the additional seating capacity. However, Section 406, C, provides an exception to the on-site parking requirement and states in pertinent part:

"... the Board of Adjustment may permit as a Special Exception all or part of the required parking space to be located elsewhere than the building it serves, if the said Board finds that such off premise space will satisfy the parking requirement by control or regulation of the landowners. The applicant shall satisfy the Zoning Board that the parking facility is adequate in location and access to satisfy the parking requirements for such building or use."

Utilizing this provision, Peter Christian's requested and received a special exception from the Hanover Zoning Board of Adjustment (the Board), which permitted the satisfaction of the zoning requirement through the leasing of parking spaces located at a nearby garage. This special exception remained in effect until January 1, 1986, when the lease on the off-site spaces was discontinued.

Prior to the termination of the lease, Peter Christian's applied for a variance, seeking to continue the use of its deck and to be excused from the parking requirements. The Board denied this request, expressing the opinion that "Peter Christian's should present a new case for a Special Exception to Section 406.C and include the specific number of employees and disposition of their automobiles."

As suggested by the Board, Peter Christian's then applied for another special exception under Section 406, C, for use of off-site parking. In its proposal to the Board, Peter Christian's provided no designated off-site spaces, but offered to require certain of its employees to park in peripheral lots outside the downtown area while the deck was in operation. Peter Christian's contended that this plan would make available at least four unidentified parking spaces in the vicinity of its restaurant. In effect, Peter Christian's proposed to satisfy the off-site parking requirements necessary to obtain a special exception by utilizing space in public lots which are located away from the congested center of Hanover. The Board unanimously voted to deny the request "to conduct a seasonal business on its outside deck and provide the required seasonal parking off-site at the Town peripheral lots...."

Peter Christian's motion for rehearing of the matter was granted by the Board, and a second hearing was held. Again, the Board unanimously rejected the plan, holding that: "Public peripheral lots are not under the control or regulation of individual businesses. Nor do they meet the requirement that off-premise parking spaces be 'adequate in location and access' for the requirements of the proposed use." The Board also ruled that the zoning ordinance intended "that private off-street parking be established for the use it will serve" and that "[p]ublic parking spaces may only satisfy a private use under the conditions set forth in Section 403.3 of the Zoning Ordinance." Section 403.3 relates to the Town of Hanover's (the Town) acquisition of private parking facilities and provides:

> "Required off-street parking facilities which, after development, are later acquired by the Town (with regard to parking facilities being either given to the Town or purchased by the Town) shall be deemed to continue to serve the building for which the parking facilities were originally provided."

Following the Board's denial of a second motion for rehearing, Peter Christian's appealed to the superior court, complaining that the Board's decision was unreasonable, illegal and arbitrary. A hearing on the merits was held on November 21, 1988. In addition

to the certified record of the Board's proceedings, the trial judge allowed into evidence the records of previous proceedings before the Board pertaining to the granting of the original request for special exception in 1981 and the denial of the application for variance in 1985.

Peter Christian's requested that two witnesses be permitted to testify at the hearing. Before ruling on the request, the trial judge allowed counsel for Peter Christian's to make an offer of proof as to the proposed testimony of Mr. Cioffi, manager of the Dartmouth Bookstore (the Bookstore), a business also located in the congested downtown area of Hanover, and Mr. Washburn, owner of Peter Christian's. The offer of proof involved the arrangements made between the Bookstore and the Town regarding off-site parking and zoning approvals granted on the basis of those arrangements. Peter Christian's offer of proof evolved into an orderly discussion in which the opposing attorneys presented their respective understandings as to the character, history and relevancy of the Town's arrangements for leasing of spaces in public lots to satisfy off-site parking requirements.

As the hearing concluded, the trial judge denied Peter Christian's request to hear testimony. However, Peter Christian's offer of proof was admitted as evidence based upon town counsel's "acceptance of what the gentleman from the Dartmouth Bookstore would state as a matter of fact" and only "as it relates to the agreement that Dartmouth Bookstore has with the Town of Hanover." Although the trial judge could have expressed his intent more clearly, it appears from the record that he intended only to admit into evidence the undisputed portion of the offer of proof which factually described the relationship between the Bookstore and the Town. It was not error for the court to admit this limited offer of proof, as technical rules of evidence do not apply to the admission of evidence in appeals from a zoning board. RSA 677:10; *Levesque v. Hudson*, 106 N.H. 470, 475, 214 A.2d 553, 557 (1965) (overruled on other grounds, *Winslow v. Holderness Planning Board*, 125 N.H. 262, 269, 480 A.2d 114, 117 (1984)).

In an order dated January 4, 1989, the trial court held that the "plaintiff [had] not met his burden of proving the decision of the ZBA was unreasonable or unlawful...." The decision of the Board was affirmed.

On appeal, Peter Christian's contends that certain findings made by the Board and confirmed by the trial court were erroneous as a matter of law. Further, it argues that the trial court abused its discretion in refusing to allow the plaintiff to present evidence

beyond the certified record. Finally, it argues that the trial court committed error when it accepted facts represented by counsel for the Town as evidence, even though they were contradictory to the offer of proof on which the court was to base its decision.

We first address Peter Christian's contention that three findings of the Board were improperly confirmed by the trial court: (1) that public parking spaces may not be used to satisfy the off-site parking requirements of the zoning ordinance; (2) that spaces in peripheral lots are not adequate in location and access to service Peter Christian's deck; and (3) that spaces in the peripheral lots are not under the control or regulation of the landowner. In contesting the lawfulness or reasonableness of each of these findings, Peter Christian's argues that the Board has been inconsistent in applying the zoning regulations. In particular, it contends that the Board's findings are contrary to approvals granted to nine other businesses, including the Bookstore. We disagree.

Findings of a zoning board of adjustment, upon all questions of fact properly before it, are deemed to be *prima facie* lawful and reasonable. RSA 677:6; *Biggs v. Town of Sandwich*, 124 N.H. 421, 426, 470 A.2d 928, 931 (1984). The trial court confirmed the findings of the Board when it ruled that Peter Christian's had failed to overcome this statutory presumption. On appeal, we will not decide whether we agree with the findings below, but whether there was evidence upon which they could be reasonably based. *Biggs v. Town of Sandwich*, 124 N.H. at 426, 470 A.2d at 931.

Peter Christian's proposed to use public parking in peripheral lots to satisfy its off-site parking requirements. This is a substantially different arrangement than that described by Peter Christian's counsel in his offer of proof as existing between the Bookstore and the Town. The Bookstore rented spaces in the vicinity of its business through the Town's administration in order to meet zoning requirements. At one point, as a result of the rental agreement, the Bookstore controlled the use of the spaces, which were being occupied by its employees. In a subsequent agreement with the Town, the Bookstore arranged to have its employees park away from the downtown area and to have the rented spaces converted to public metered use in exchange for concessions on the rental price. This second agreement did not destroy the scheme by which spaces were rented from the Town, it converted spaces which benefited only the Bookstore to spaces which could be used by the general public. There is nothing in the evidence that would suggest that the Bookstore was required to submit to public use of the parking in order to continue renting spaces from the Town.

It is important to note that the agreement was made available through the town administration and that the zoning board has nothing to do with the renting of spaces. Any claims which Peter Christian's may have in regard to the method, fairness or legal justification for the Town's renting of spaces in its proprietary capacity are not properly raised in this appeal, as we are limited in our review to the trial court's ruling as it pertains to the lawfulness and reasonableness of the Board's decision. RSA 677:6; *Labrecque v. Town of Salem,* 128 N.H. 455, 457, 514 A.2d 829, 830 (1986).

Although the Bookstore does use public parking to satisfy its zoning requirements, the trial court found that the agreement between the Town and the Bookstore fell within the Section 403.3 exception. This conclusion is supported by the evidence, which indicates, in conformity with Section 403.3, that the spaces served the Bookstore until they were acquired for public use by the Town.

The Hanover Zoning Ordinance requires that new or expanding businesses provide for parking "on the same lot or premises." Section 406. With a special exception, this parking may be permitted at an off-site facility which is "adequate in location and access" to the proposed building or use. Section 406, C. Clearly, the intent of these provisions is to assure that parking facilities will be located on or in close proximity to the property they serve. When considering parking for businesses in the heart of Hanover, it cannot be said that the employment of spaces in the peripheral lots, which utilize shuttle bus transportation and which have limited hours of operation, is equivalent to the rental of spaces in adjacent downtown areas. The Board's findings that the peripheral lots were not under the control or regulation of the landowner and were not adequate in location and access were supported by the evidence.

Peter Christian's alleges inconsistency between the Town's policy, which encourages use of the peripheral lots, and the Board's failure to permit their employment as off-site parking pursuant to Section 406, C. The use of peripheral lots is apparently designed to relieve existing and future congestion in the center of town. The requirement that new or expanding businesses provide for their own parking needs assures that this congestion will not be further exacerbated. We do not agree that the Town's policy and the Board's decision are inconsistent. Furthermore, we do not subscribe to Peter Christian's assertion that, because the Town advocates the use of the peripheral lots, the Board is required to accept such lots as off-site parking under the special exception provision.

■ The arrangement between the Bookstore and the Town is substantially different from the parking proposal advanced by Peter Christian's. We find no arbitrary or inconsistent action by the Board and hold that the findings of the Board, which were confirmed by the trial court, were reasonably based upon the evidence.

Next, we review the argument that the trial court erred in limiting the admission of additional evidence. In particular, Peter Christian's asserts that the testimony of its two witnesses was necessary because the minutes kept by the Board were insufficient to provide the court with the basis for its claim.

In discussing this contention, we note that Peter Christian's assertion, "that Peter Christian's was excluded from providing any evidence," is incorrect. The trial court did permit the introduction of evidence in regard to two prior zoning board decisions regarding the deck. In addition, the trial judge admitted Peter Christian's offer of proof as to the arrangement between the Bookstore and the Town.

■ On appeal of a zoning board decision to superior court, review is limited to a determination of whether, on the balance of probabilities, the decision of the board was unlawful or unreasonable. RSA 677:6; *Labrecque v. Town of Salem*, 128 N.H. at 457, 514 A.2d at 830. The trial court makes its determination based upon the record before the zoning board and such other evidence as may have been received by the court. *H I K Corp. v. Manchester*, 103 N.H. 378, 381, 172 A.2d 368, 370 (1961). Evidence beyond the certified record may be introduced in superior court and may be taken into consideration even though it was not before the board. *Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 625, 376 A.2d 885, 886 (1977). Such additional evidence is intended to assist the court in evaluating the action of the board where the record is incomplete. *Id.; see Sweeney v. Dover*, 108 N.H. 307, 309, 234 A.2d 521, 522 (1967). It is within the discretion of the trial court to determine whether additional evidence will be taken. RSA 677:10 (additional evidence may be considered by the trial court); *see Shaw v. City of Manchester*, 120 N.H. 529, 532, 419 A.2d 394, 395 (1980) (trial court may hear any additional evidence that will assist in evaluating the reasonableness of a zoning board decision); *see also Alcorn v. Rochester Zoning Bd. of Adjustment*, 114 N.H. 491, 495, 322 A.2d 608, 610 (1974) (trial court properly exercised discretion in allowing additional testimony to be introduced as evidence). Because the trial judge is in the best position to determine the

sufficiency of the record, we will not reverse his ruling on the admissibility of additional evidence, absent an abuse of discretion.

After reviewing the record, we find no reason to believe that the testimony of Mr. Cioffi or Mr. Washburn was required. The proposed testimony was intended to supply supplemental information regarding parking arrangements with other businesses in order to discredit the Board's findings and to demonstrate the unreasonableness of its decision. The trial judge allowed the introduction of this evidence by admitting the portion of Peter Christian's offer of proof which explained those arrangements. We hold that the trial court did not abuse its discretion in so limiting the additional evidence at the hearing.

Finally, we find no support for Peter Christian's contention that the trial court improperly based its decision upon representations that were contrary to its offer of proof. In its brief, Peter Christian's has supplied three examples of "representations" which it claims were made by opposing counsel at the hearing: (1) that "peripheral lots were located a long distance away and were inconvenient"; (2) that "there are currently spaces available in town to rent to Peter Christian's"; and (3) that opposing counsel's understanding of the lease and lease-back of spaces differed from that set forth by Peter Christian's. To begin with, we can find no direct adoption of the first representation in the trial court's order. In any case, Peter Christian's acknowledges that the peripheral lots utilize shuttle bus transportation, and the record makes clear that they are subject to limited hours of operation. Second, we find no mention in the order, direct or indirect, that spaces are available in town for Peter Christian's to rent. Third, while there may be a difference of opinion as to their net effect, there does not appear from the record to be a misunderstanding as to the lease and lease-back agreements between the Bookstore and the Town.

Although the three so-called representations may not support Peter Christian's point of view, we cannot conclude that the trial court relied upon these assertions in reaching its decision. The order issued by the trial court does not include any finding of fact or ruling of law which could not have been derived from the certified record or the admitted offer of proof. The decision against Peter Christian's, without further showing that the findings or rulings are unsupported by the evidence, does not justify the conclusion that the trial judge improperly relied upon the representations of opposing counsel.

In summary, we hold that the trial court did not commit error in affirming the decision of the Hanover Board of Adjustment.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.